UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| D.B. STRUCTURED PRODUCTS, INC.,<br>    *Plaintiff*,<br><br>v.<br><br>ANASTASIOS SAVVIDIS *et al.*,<br>    *Defendants*. | No. 3:21-cv-388 (VAB) |

**RULING AND ORDER ON MOTION TO REMAND**

On March 19, 2021, Anastasios Savvidis filed a Notice of Removal with this Court. Notice of Removal, ECF No. 1 (Mar. 19, 2021) ("Notice of Removal"). On April 6, 2021, D.B. Structured Products, Inc. (the "Plaintiff") filed a motion to remand. Mot. to Remand, ECF No. 7 (Apr. 6, 2021) ("Mot. to Remand").

For the following reasons, Plaintiff's motion to remand is **GRANTED**.

**I.    BACKGROUND**

On September 30, 2005, Anastasios and Andreas Savvidis executed a loan in the amount of $464,000.00 to refinance a mortgage upon property at 4 Villaway Road, Norwalk, Connecticut. *See* Ex. B to Mot. to Remand ¶¶ 2–3, ECF No. 7-2 (Apr. 6, 2021) ("Am. Compl.").

In or around April of 2011, D.B. Structured Products, Inc. initiated a foreclosure action against, *inter alia*, Anastasios and Andreas Savvidis in Connecticut state court. *See* Ex. D to Mot. to Remand at 2, ECF No. 7-4 (Apr. 6, 2021) ("Docket").

Following a series of filings by Mr. Savvidis in state court, and continuation of the sale date, *see* Docket at 8–11, Mr. Savvidis filed a notice of removal with this Court, *see* Notice of Removal.

On April 6, 2021, and within thirty (30) days of removal, D.B. Structured Products, Inc. filed a motion to remand. *See* Mot. to Remand.

On April 19, 2021, Mr. Savvidis filed an objection to the motion to remand. *See* Objection, ECF No. 8 (Apr. 19, 2021).

## II. STANDARD OF REVIEW

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quotation omitted)). The party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied. *See United Food & Com. Workers Union, Loc. 919, AFLCIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court."); *see also Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("'[T]he defendant bears the burden of demonstrating the propriety of removal.'" (quoting *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994))).

## III. DISCUSSION

The removal statute permits removal of civil actions "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In its motion, the Plaintiff argues, *inter alia*, that removal was improper because federal question jurisdiction does not exist and because Mr. Savvidis is a citizen of Connecticut, which bars removal of the case based on diversity jurisdiction under 28 U.S.C. § 1441(b). *See* Mot. to Remand at 7–9.

The Court agrees.

First, federal question jurisdiction is not present. To invoke federal question jurisdiction, a party must demonstrate that the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.

In this case, the Complaint principally alleges that the defendants executed a loan in the amount of $464,000.00 in order to refinance a mortgage upon property located at 4 Villaway Road, Norwalk, Connecticut. Am. Compl. ¶¶ 2–3. The Complaint seeks, among other things, foreclosure of the mortgage. Because the Complaint only appears to raise state law claims relating to the mortgage loan, the action does not "aris[e] under" federal law. 28 U.S.C. § 1331.

Further, it is well settled that "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983). As a result, to the extent that Mr. Savvidis argues that the foreclosure violated various constitutional doctrines and federal laws, that defense is not part of a properly pleaded complaint and is insufficient to confer federal question jurisdiction.

Second, in the absence of federal question jurisdiction, Mr. Savvidis may not remove the underlying action because he is a citizen of Connecticut, where the case originally was brought.

*See* Notice of Removal at 12 (indicating that Mr. Savvidis resides at 106A Comstock Hill Norwalk, CT 06850); *see also Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93, 103 (D. Conn. 2010) ("For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen of the State in which he or she was domiciled when the action was commenced."). Under the "forum defendant" rule, a civil action may not be removed based on diversity jurisdiction if any defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2); *accord Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

Moreover, D.B. Structured Products, Inc. filed the motion to remand within the deadline under 28 U.S.C. § 1447(c), which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Accordingly, removal is inappropriate, and the Plaintiff did not waive the procedural defect in the removal through untimely filing of this motion. *See also Wilmington Sav. Fund Soc'y, FSB v. Savvidis*, No. 3:20-CV-1522 (SRU), 2021 WL 106276, at *1 (D. Conn. Jan. 11, 2021) (remanding foreclosure case to state court on the basis of, *inter alia*, the forum defendant rule, where "Alexandros Savvidis is a resident of Connecticut, where the case was brought" and the plaintiff filed a motion to remand within thirty (30) days).

## IV.  CONCLUSION

For the foregoing reasons, the motion to remand is **GRANTED**.

The Clerk of Court respectfully is requested to remand this case to Connecticut Superior Court, the Judicial District of Stamford, and to close it here.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of January, 2022.

    /s/ Victor A. Bolden

Victor A. Bolden
United States District Judge